1  WILLIAM R. TAMAYO – #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  RAYMOND T. CHEUNG – #176086 (CA)
   UNITED STATES EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California  94105-1260
5  Telephone:    (415) 625-5649
   Facsimile:     (415) 625-5657
6  raymond.cheung@eeoc.gov

7  Attorneys for Plaintiff

E-filing



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DMR

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. CV-11 4437 |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| **CONSTELLATION BRANDS, INC., dba DUNNWOOD VINEYARDS,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

### NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin (Mexican-born) and to provide appropriate relief to Charging Party Julio Perez-Lombera and similarly situated individuals, who were adversely affected by such practices. Defendant Constellation Brands, Inc., dba Dunnwood Vineyards subjected Mr. Perez-Lombera and similarly situated Mexican national origin employees to unlawful national origin harassment and disparate treatment. When Mr. Perez-Lombera opposed and complained of the harassment by reporting the illegal conduct to management officials, Charging Party Perez-Lombera was subjected to additional illegal disparate treatment, including discharge.

///

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were and are now being committed in the State of California, in the City of Ukiah, Mendocino County, California, within the jurisdiction of the United States District Court for the Northern District of California. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco Division of this Court as the alleged unlawful practices were and are now being committed in Mendocino County, which is within the jurisdiction of the San Francisco Division.

## PARTIES

4. Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

5. Defendant Constellation Brands, dba Dunnwood Vineyards ("Constellation") is a New York state corporation, doing business in the State of California, in Mendocino County, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Constellation has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

///
///
///

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
### Violation of Title VII of the Civil Rights Act: National Origin Harassment and Discrimination

7. More than thirty days prior to the institution of this lawsuit, Charging Party Perez-Lombera filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2004, Defendant engaged in unlawful employment practices in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Charging Party Julio Perez-Lombera and other similarly situated workers to disparate treatment and a hostile, abusive, intimidating and offensive work environment because of their national origin (Mexican-born). Mr. Perez-Lombera was hired as a Racker/Blender in or about August 2004 at Defendant's Dunnwood Vineyards facility in Ukiah, California. Throughout Mr. Perez-Lombera's employment, he and similarly situated Mexican-born employees were subjected to unwelcome, derogatory comments based on their national origin by their immediate supervisor, including, but not limited to being called "wetbacks," "dumb beaners" and "black beanies." The conduct was severe and pervasive, objectionable to a reasonable person of Mr. Perez-Lombera's national origin, and created a hostile work environment. Despite Mr. Perez-Lombera's complaints about the illegal harassment to Defendant's managers, the conduct persisted and escalated when Defendant subjected him to additional national origin harassment and disparate treatment by reassigning him to a less favorable work schedule/shift and then ultimately terminating Mr. Perez-Lombera's employment in October 2007.

9. The effect of these actions complained of in Paragraph 8 above has been to deprive Charging Party and the similarly situated workers of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

10. The unlawful employment practices complained of in Paragraph 8 above were intentional.

///

11.     The unlawful employment practices complained of in Paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against their employees including harassment and disparate treatment based on national origin.

B.      Order Defendant to institute and carry out policies, practices, and programs which prohibit discrimination based on national origin, and which eradicate the effects of its unlawful employment practices.

C.      Order Defendant to make whole Charging Party and other similarly situated employees harmed, by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

D.      Order Defendant to make whole Charging Party and other similarly situated employees harmed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E.      Order Defendant to make whole Charging Party and other similarly situated employees harmed by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Charging Party and other similarly situated employees harmed by providing punitive damages for the malicious and reckless conduct described above, in

1 | amounts to be determined at trial.

    G.    Grant such further relief as the Court may deem just and proper in the public interest.

    H.    Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DATED:  September 6, 2011      BY: _/s/ William R. Tamayo_
    WILLIAM R. TAMAYO
    Regional Attorney

BY: _/s/ Jonathan T. Peck_
    JONATHAN T. PECK
    Supervisory Trial Attorney

BY: _/s/ Raymond T. Cheung_
    RAYMOND T. CHEUNG
    Senior Trial Attorney