**WILLIAM R. TAMAYO, SBN 084965**
**JONATHAN T. PECK, 12303 (VA)**
**RAYMOND T. CHEUNG, SBN 176086**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**
**350 The Embarcadero, Suite 500**
**San Francisco, CA 94105-1260**
**Telephone No. (415) 625-5649**
**Fax No. (415) 625-5657**
**E-mail: raymond.cheung@eeoc.gov**

**Attorneys for Plaintiff U.S. EEOC**

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**
**ELIZABETH WILLIAMS, ESQ. SBN 92374**
**ewilliams@kdvglaw.com**
**PAMELA E. WOODSIDE, ESQ. SBN 226212**
**pwoodside@kdvglaw.com**
**425 California Street, Suite 2100**
**San Francisco, CA 94104**
**Telephone: (415) 926-7600**
**Facsimile: (415) 926-7601**

**Attorneys for Defendant**
**CONSTELLATION WINES U.S., INC.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLATION WINES U.S., INC. dba DUNNEWOOD VINEYARDS,<br><br>Defendant. | CASE NO. CV 11-04437 JSW<br><br>CONSENT DECREE; [PROPOSED] ORDER |

## I.   INTRODUCTION

Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on behalf of Charging Party Julio Perez-Lombera and Claimants Francisco Guevara and Antonio Rodriguez against their former employer, Defendant Constellation Wines U.S., Inc. dba Dunnewood Vineyards ("Dunnewood"). Hereinafter, EEOC and Dunnewood each are referred to individually as a "Party", and collectively as the "Parties". This action was brought

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to further the objectives of equal employment opportunity. The Commission and Dunnewood now seek to resolve this action without the expenditure of additional resources and expenses in contested litigation. The Commission and Dunnewood agree that this Consent Decree constitutes a full and final resolution of all claims of harassment, discharge and retaliation that were or could have been raised in this action, and all claims arising out of the charges filed by the Charging Party, the EEOC's investigation of said charges and the EEOC's determination of reasonable cause. The Parties agree that the conditions and terms of this Consent Decree apply to the employees and operations of the Dunnewood Vineyards facility only.

## II.  NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Dunnewood.

## III.  GENERAL PROVISIONS

1. Each of the Parties acknowledges that the execution of this Consent Decree and the payment of consideration or the performance of any other obligation hereunder are not and shall not be construed in any way as an admission of wrongdoing or liability or a violation of Title VII by Dunnewood.

2. The Parties further acknowledge that Dunnewood denies all allegations of wrongdoing alleged in the Complaint.

3. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

4. This Consent Decree will become effective upon its entry by the Court.

5. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in the complaint and the EEOC charge filed on behalf of Charging Party and other similarly situated individuals.

6. This Consent Decree is final and binding upon the Parties, their successors and assigns.

7. Each Party shall bear its own costs and attorneys fees in this action.

8. The Court has reviewed the terms of this Consent Decree in light of the pleadings, the

record herein and the applicable law, and now approves the Consent Decree in its entirety.

## IV. GENERAL AFFIRMATIVE RELIEF

9. Dunnewood, through its managers and/or supervisors shall not engage in: (1) practices that discriminate against persons on the basis of national origin in the terms and conditions of employment; (2) or be a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of national origin; or (3) creating, facilitating or permitting the existence of a hostile workplace on account of national origin.

10. Dunnewood, through its managers and/or supervisors shall not engage in, implement or permit any action, policy or practice that has the purpose of retaliating against any current or former employee of Dunnewood because he or she has in the past, or during the term of this Consent Decree: (1) opposed any practice of harassment or other discriminatory acts on the basis of national origin made unlawful under Title VII; (2) filed a charge of discrimination alleging any such practice; (3) testified or participated in any manner in any investigation, proceeding or hearing in connection with this case; (4) was identified as a possible witness in this action; and/or (5) asserted any rights under this Consent Decree.

## V. SPECIFIC AFFIRMATIVE RELIEF

<u>EEO and Harassment Policies</u>

11. Dunnewood shall continue to maintain its Equal Employment Opportunity ("EEO") and harassment policies that: (a) include definitions of harassment, with specific reference to harassment based on national origin; (b) provide for substantial and progressive discipline and/or corrective action for incidents of discriminatory harassment; (c) include strong non-retaliation language with examples to supplement the definition of retaliation; (d) provide for substantial and progressive discipline for incidents of retaliation; (e) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (f) provide for prompt commencement of an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and, (g) indicate that, promptly upon the conclusion of the investigation of a complaint, Dunnewood shall communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

12. Dunnewood shall continue to maintain its Spanish translation of its EEO and harassment policies.

13. Dunnewood shall disseminate its EEO and harassment policies in both English and Spanish by: (a) distributing copies of the policy within 90 days of entry of this Consent Decree to all current employees; (b) giving a copy of the policy to, and reviewing the policy with, all new employees within 90 days of the employees' hire; and, (c) requiring each employee who has received or subsequently receives a copy of the policies to sign a statement acknowledging their receipt of the policies.

14. In the event that Dunnewood decides to revise its EEO and harassment policies during the term of this Consent Decree, Dunnewood shall submit a copy of the revised EEO and harassment policies to the EEOC, attention Raymond Cheung, Senior Trial Attorney, within 30 days after any such revision. Should the EEOC believe the revision is not in compliance with this Consent Decree, it shall follow the procedures set forth in section XI below to resolve the matter.

Complaint Procedures

15. Dunnewood shall continue to maintain its complaint procedure, written in English and Spanish, designed to encourage employees to come forward with complaints about violations of its harassment policy.

16. As part of this complaint procedure, Dunnewood shall continue to provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment. Dunnewood's complaint procedure and harassment policy shall notify employees that they can lodge a complaint, verbally or in writing, with their immediate supervisor, the Human Resources Department, or the General Manager.

Posting of Notice

17. Dunnewood will post copies of the Notice, attached as Exhibit A, in a clearly visible location visited by employees at its Dunnewood facility. The Notice shall remain posted for the duration of the Consent Decree and shall not be defaced or altered.

**VI. TRAINING**

18. Within 90 days of entry of this Consent Decree, Dunnewood will present training on

national origin discrimination, including harassment, to all employees, management and non-management at its Dunnewood Vineyards facility. The training will be conducted in both English and Spanish. Beginning in 2013, and thereafter, training will be held annually by no later than June 30th of each calendar year throughout the duration of this Consent Decree. Dunnewood shall bear the cost of this training.

19. The aforementioned training shall be a minimum of three (3) hours, and shall be provided by individuals with established credentials and/or significant experience in the area of employment training. The training must include examples of national origin harassment practices that violate Title VII, as well as an employer's obligation to take preventive, investigative and remedial action with respect to national origin discrimination and harassment complaints. The training shall also inform Dunnewood's management employees of their responsibilities under Dunnewood's anti-harassment and anti-retaliation policies and shall specifically instruct them regarding the accountability provisions in Section VII, below.

20. All persons attending mandatory training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with Dunnewood. Copies of these acknowledgments shall be provided to the EEOC, as set-forth in Section IX, below.

**VII. POLICIES DESIGNED TO PROMOTE SUPERVISORY AND MANAGEMENT ACCOUNTABILITY**

21. Dunnewood shall impose substantial discipline, up to and including termination, upon any supervisor or manager who engages in harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. Dunnewood shall communicate this policy to all of its supervisors and managers in writing within 90 days of entry of this Consent Decree and provide copies to the Commission upon issuance. Supervisors and managers newly hired during the term of this Consent Decree shall be informed in writing of this requirement.

22. Dunnewood shall advise all supervisors and managers of their duty to actively monitor

CONSENT DECREE
C-11-04437 JSW        5

their work areas to ensure employee compliance with Dunnewood's anti-harassment policies, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Human Resources department.

## VIII. EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING CHARGING PARTIES' EMPLOYMENT

23. Dunnewood shall not disclose any information or make any references to the charges of discrimination or this lawsuit in responding to employment reference requests for information about Charging Party and Claimants.

24. Dunnewood shall remove from each Charging Party and Claimants' personnel file any termination notice and any other references to his charge of discrimination and/or this lawsuit.

25. Dunnewood shall not disclose in response to inquiries from potential employers any information regarding Charging Party or Claimants' employment with Dunnewood except as follows:

   A. In response to a specific inquiry, Dunnewood may disclose the Charging Party and Claimants' dates of employment, position held and final rate of pay; and,

   B. For this provision to be effective, a Charging Party or Claimant must inform the prospective employer to contact Dunnewood's Human Resource department for possible reference check. No other person from Dunnewood is to respond to a reference check regarding a Charging Party or Claimant.

## IX. REPORTS TO THE COMMISSION

26. <u>Training Reports</u>: Within 30 days of completion of the training required by this Consent Decree, Dunnewood shall send to the Commission verification of completion of the training in the form of a sworn declaration, copies of the acknowledgments of training signed by attendees, and a copy of all training materials used. See Section VI, above.

27. <u>National Origin Harassment Complaint Reports</u>: Within 180 days (6 months) after entry of this Consent Decree, and every 6 months thereafter, Dunnewood shall send to the Commission a report containing the following information and documentation covering the previous 6-month period:

CONSENT DECREE
C-11-04437 JSW                      6

      A.     Copies of all national origin harassment complaints made or received by Dunnewood since the submission of the immediately preceding report;

      B.     The name, address and telephone number of each complainant;

      C.     A description of the investigation undertaken and by whom;

      D.     The result of each investigation;

      E.     A list of all records, documents and other writings relevant to each complaint and its investigation;

      F.     Dunnewood shall maintain a copy of each complaint; all records, documents and other writings relevant to each complaint and its investigation; and, the result of each investigation; and,

      G.     The Commission may request copies of any or all of these documents by writing to Dunnewood's counsel. Documentation shall be provided within 20 days of the request.

## X. MONETARY RELIEF

28. Dunnewood shall pay the total gross sum of $75,000.00 to Charging Party and Claimants in satisfaction of the Commission's claims against Dunnewood. The precise distribution of this monetary relief will be provided to Dunnewood by the Commission within five (5) days of the entry of this Consent Decree. The individual payments will be paid by check and mailed by certified mail, to the address to be provided to Dunnewood by the Commission within 30 days of its receipt of the EEOC's monetary distribution information and receipt of completed and executed W9 forms from Charging Party and Claimants. A copy of the checks and its transmittal letters will be sent to the Commission's counsel, Raymond Cheung, at the San Francisco District Office.

29. Dunnewood shall cause to be issued an IRS Form 1099-misc respectively to Charging Party and Claimants for the monetary relief paid. For Claimants, no withholding taxes shall be deducted from the respective amounts, and Box 3 on IRS Form 1099-misc shall be completed by Dunnewood. For Charging Party, ten percent [10%] of his total payment shall be considered to be wages, from which the appropriate withholdings shall be deducted, and with respect to which a Form W-2 shall be issued by Dunnewood.

CONSENT DECREE
C-11-04437 JSW        7

30. The Parties acknowledge that except as to Charging Party as set forth in paragraph 29, Dunnewood is not withholding any federal and state income taxes, FICA or any other type of payroll deduction from the settlement amounts paid and that no FICA contribution is being made by Dunnewood on such payments.

## XI. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

31. This Consent Decree shall terminate three (3) years from the date of entry by the Court unless EEOC petitions this Court for an extension of the Decree because of non-compliance. If EEOC determines that Dunnewood has not complied with the Consent Decree, EEOC will provide written notification of the alleged breach to Dunnewood, and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notification shall be used to resolve the issue. In those cases where it would take longer than thirty (30) days to cure the breach, Dunnewood may have such additional time as may be necessary by agreement with the EEOC as long as Dunnewood makes reasonable efforts to cure the breach within the thirty (30) day period. If EEOC petitions the Court and the Court finds Dunnewood to be in substantial violation of the terms of the Decree, the Court may extend the Consent Decree.

32. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree. This Consent Decree shall expire by its own terms at the end of the three (3) years at which time this lawsuit shall be deemed dismissed with prejudice without further action by the parties.

| On behalf of Plaintiff U.S. EEOC | On behalf of Defendant Constellation Wines U.S., Inc. dba Dunnewood Vineyards |
|---|---|
| Dated: September 20, 2012 | Dated: September 20, 2012 |
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | KAUFMAN DOLOWICH VOLUCK & GONZO LLP |
| /s/ William R. Tamayo<br>William R. Tamayo, Regional Attorney | /s/ Elizabeth Williams<br>Elizabeth Williams<br>Attorney for Defendant |
| /s/ Jonathan T. Peck<br>Jonathan T. Peck, Supervisory Trial Attorney | |
| /s/ Raymond T. Cheung<br>Raymond T. Cheung, Senior Trial Attorney<br>Attorneys for Plaintiff U.S. EEOC | |

CONSENT DECREE
C-11-04437 JSW           8

CIVIL L.R. 5-1(i)(3) ATTESTATION

I, Raymond T. Cheung, am the ECF User whose ID and password are being used to file this Consent Decree and [Proposed] Order. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Attorney for Defendant, Elizabeth Williams, has concurred in this filing.

Date: September 20, 2012    By: _____/s/ Raymond T. Cheung_____
                                      RAYMOND T. CHEUNG

**[Proposed] ORDER**

IT IS SO ORDERED:

Dated: October 3, 2012                    _____
                                          Hon. Jeffrey S. White
                                          United States District Court Judge

CONSENT DECREE
C-11-04437 JSW                    9